IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TAMMARRA GOULD,                                Civ. No. 09-1402-AA

       Plaintiff,                          OPINION AND ORDER

  v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

---

Aiken, Chief Judge:

    Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits. For the reasons set forth below, the Commissioner's decision is affirmed.

BACKGROUND

    On December 12, 2005, plaintiff protectively filed

1   - OPINION AND ORDER

applications for DIB and SSI alleging disability since September 2004 due to pain, numbness and weakness in her hands and fingers, pain in her feet and legs, depression, and anxiety. Tr. 21-24, 111-20, 131. Her applications were denied initially and on reconsideration. Tr. 36-39, 40-49, 55-60. After timely requesting a hearing, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ) on May 8, 2009. Tr. 15-35. On June 10, 2009, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 8-14. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 1-3. Plaintiff now seeks judicial review.

Plaintiff was thirty-six years old at the time of the ALJ's decision. Tr. 23. Plaintiff has a high school education and past relevant work as a cashier, fast food worker, cook's helper, and care provider. Tr. 20, 33, 166.

## DISCUSSION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner

evaluates allegations of disability under the relevant five-step sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

At step one the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 10; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the ALJ found that plaintiff had medically determinable impairments of rheumatoid arthritis, panic disorder without agoraphobia, and dysthymic disorder, but that these impairments were non-severe. Tr. 10-11; 20 C.F.R. §§ 404.1520(c), 416.920(c). Accordingly, the ALJ found plaintiff not disabled at step two and did not proceed to steps three, four, or five.

Plaintiff first argues that the ALJ erred in finding her impairments not severe at step two and by rejecting her subjective complaints of pain and the opinions of non-examining state agency physicians. I find no error.

A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks and citations omitted). A physical or mental impairment must

3   - OPINION AND ORDER

be established by medical evidence consisting of signs, symptoms, and laboratory findings, and cannot be established on the basis of a claimant's symptoms alone. 20 C.F.R. §§ 404.1508, 416.908. While the assessment at step two is "'a de minimis screening device [used] to dispose of groundless claims,'" an ALJ may find that a claimant lacks a medically severe impairment when such conclusion is "'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Smolen, 80 F.3d at 1290 and S.S.R. 85-28).

The ALJ committed no error in finding that the medical evidence did not establish "severe" impairments. No treating or examining physician has indicated or reported symptoms or limitations that would last twelve months and more than minimally affect plaintiff's ability to perform work activity. Tr. 197-99, 200-01, 207-08, 221, 246-48, 250, 257-58, 260-61, 273-74, 293-95, 304. Further, as noted by the ALJ, the agency physicians relied on by plaintiff opined that plaintiff's impairments were "non-severe" because they resulted in very slight limitations. Tr. 13, 300, 306, 318, 321-22. Plaintiff cites no medical evidence of record that contradicts these opinions, and therefore the ALJ may rely on them. "[T]he findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings." Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996).

4    - OPINION AND ORDER

In sum, the ALJ's step two finding is supported by the medical evidence and is legally sufficient. See Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999) ("None of the appellant's treating or examining physicians ever indicated that the appellant was disabled.  Although the appellant clearly does suffer from diabetes, high blood pressure, and arthritis, there is no evidence to support his claim that those impairments are 'severe.'").

Plaintiff also challenges the ALJ's credibility determination in finding her impairments non-severe.  To the extent plaintiff's subjective complaints are relevant to a step two determination, the ALJ's did not err in his credibility analysis.  As noted above, plaintiff's allegations are not supported by, and in many respects contradict, the medical evidence of record.  Tr. 12, 207-09, 247-48, 257, 273-74, 364; Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999) (an ALJ may look to medical record for inconsistencies in evaluating a claimant's testimony). The ALJ also noted that plaintiff's allegations were inconsistent with her report of daily activities.  Tr. 158-59, 161-62, 303. Smolen, 80 F.3d at 1284.

Next, plaintiff argues that the ALJ erred by failing to assess her residual functional capacity and failing to develop the record. Given that the objective medical evidence clearly supports the ALJ's step two finding, the ALJ did not err in his development of the record or in assessing plaintiff's residual functional

5    - OPINION AND ORDER

capacity.

Finally, plaintiff argues that the ALJ erred by failing to consider limitations resulting from her obesity. While several physicians noted plaintiff's obesity, none indicated or reported resulting limitations. Moreover, plaintiff has alleged no difficulties or limitations due to her obesity. Tr. 23-29. Therefore, the ALJ committed no error.

## CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

Dated this 14 day of January, 2011.

                         /s/ Ann Aiken
                            Ann Aiken
                   United States District Judge

6   - OPINION AND ORDER